Adam Kirk, please call the case. Case number 3-17-0-1-75. Patricia Hand, a client by Anthony Russo v. William Hand, ethanine by Daniel Ruppke. Counsel, please proceed. I'll tell the parties that Justice McDade wasn't able to be here today, but she will fully participate in our deliberations. In this case, you'll have the opportunity to hear the arguments from today and fully participate in our deliberations. Thank you. Please, the court. Counsel. Your Honors, my name is Anthony Russo, as I said, and I represent the plaintiff appellate in this matter, Patricia Hand. Just for a short factual background of the case before we get into the substance, this case arose out of a one-vehicle accident that occurred on Interstate 65 in the state of Indiana. Patricia Hand, the plaintiff, was a passenger in a vehicle driven by her husband, William Hand. At the time of this collision, the parties were on their way home to Illinois from a family vacation in Florida with their grandchildren. While they were traveling through Indiana, Mr. Hand lost control of his vehicle and hit a barrier, causing injuries to his wife and two grandchildren. As a result of this accident, a three-count complaint was filed in the Circuit Court of Will County for the negligent driving of Mr. Hand on behalf of Patricia Hand and the grandchildren. The defendant, Mr. Hand, filed a motion to dismiss count one of the complaints, which was filed on behalf of Ms. Hand. The motion was dismissed based on the Indiana Guest Statute, which precludes any negligence complaints between spouses. Illinois law permits an individual to bring an action against a spouse for negligent operation of a motor vehicle, so the plaintiff appellant in this case argued that Illinois law applied to Ms. Hand's claim. The trial court entered an order dismissing count one of the complaints. At the time the court entered its ruling, he indicated that the plaintiff would have leave to file an amended complaint. He also indicated that he would have to show the court facts similar to the Miller v. Hayes case that was argued as part of the initial argument. The plaintiff did file an amended complaint with additional facts because he felt it would be important, since the decision was based on the pleadings, that he did add additional relevant facts to the choice of law issue. Upon filing that amended complaint, the defendant renewed their motion to dismiss, and the trial court dismissed count one of the amended complaint on the basis that the Indiana Guest Statute bars negligent action between spouses. The plaintiff appealed the order of the trial court on the basis that the trial court erred in applying the Indiana Guest Statute to our case here today. The issue before us is whether Indiana law applies, the Indiana Guest Statute, or Illinois law applies to Ms. Haynes' claim. Now, the Illinois Supreme Court, in the case of Ingersoll v. Klein and Townsend v. Sears, has stated the trial court decisions on choice of law issues are subject to de novo review. So we have a de novo review of Illinois with regard to choice of law. Both the Ingersoll case and later the Townsend case adopted the second restatement approach, which is the most significant relationship test. The most significant relationship test says this, the place where the injury occurs determines the rights and liabilities of the parties unless Illinois has a more significant relationship test. Now, there are four factors that the courts list that we're supposed to look to in deciding these conflict of laws issues. One, the place where the incident occurs. Two, the place where the conduct causing the injury occurs. Three, the domicile of the parties. And four, the place where the parties' relationship is necessarily count contacts. In fact, they don't want you to count contacts. These cases are very fact specific and depend on facts. So in determining the importance of which of those contacts apply or are important in each particular case, you have to look to the issues involved. You have to look to the character of the tort, and you have to look to the relevant policies of tort rules of the interested states. So in saying that, the courts have also said that for each issue in the case that deals with a conflict of law issue, you have to go through the same analysis. So I think that's important. With regard to, since the facts are so important, I think it's important to look at some past Illinois cases that are analogous to the case at hand, and I think that are instructive. Two cases I think are very similar to our case. One is the third district case in Schulte versus the Illinois Highway Department. And the second case is Miller versus Hayes, which relies on the reasoning of Schulze versus Illinois Highway Department. And as you recall, the Schulze case involved a situation where the North Pekin 4H company entered into a contract with the Illinois Highway Transportation Company to bring their members to Fort Dearborn, Michigan. While the parties were on their way to Fort Dearborn, Michigan, the driver of the bus lost control near Pawpaw, Michigan, and caused injury to several people within the bus. So a lawsuit ensued in Illinois. All of the parties plaintiffs and defendants were Illinois residents. The issue that arose in that particular case was whether Illinois law or Michigan law applied to damages. Illinois law has no caps on damage. Michigan law had caps on damage. So the court in Schulze went through a significant discussion with regard to how the factors in the most significant relationship tests were applied. So the first factor they looked at was the place where the injury occurred. The court looked at it and said there's no question in this case that the injury occurred in Michigan. But if you look at this, since these people were going on a trip to Michigan and back, this accident could have occurred in any of the states along the route. Therefore, the place where the injury occurred is fortuitous. When the place where the injury occurred is fortuitous, this factor is not really important in our analysis. The second factor they looked at is the place where the conduct causing the injury occurred. In that particular case, there were allegations that the Illinois Highway Transportation Company did not properly inspect the bus and provided a bus in poor mechanical condition. Those allegations clearly occurred in Illinois. There were other allegations that the bus driver was negligent in Michigan, which caused the bus to overturn. So they said that that's a loss. Neither of those instances of conduct in both states, that contact favors neither state. But the most important thing about the Schulze case, they indicated in that case that when you're dealing with a law, when you're dealing with an issue that deals with recovery versus non-recovery, you look to the domicile of the parties. That is the most important factor, the primary factor to consider. In this case, all the parties were domiciliaries of Illinois. They held that Illinois law applied. They also looked at the place where the relationship between the parties was centered in that case. And since the contract was entered into in Illinois, since the accident occurred due to an act in forbearance of that contract, the court thought that that was important also. So both those factors were used to find that Illinois law applied. The other case that's more factually similar, I think, to our case, is Miller v. Hayes. But Miller v. Hayes applies the rationale that the Schulze case applied. And in Miller v. Hayes, two college students that were Illinois residents, they went to school at Colorado State University. During their spring break, these two Illinois residents and three of their friends decided to go on a concert tour around the country to view rock concerts. They started in Boulder, Colorado, then went up to Chicago, Milwaukee, ended up in Bloomington, Minnesota. From Bloomington, Minnesota, they came back to Colorado State University. In Bloomington, Ms. Hayes was the driver of the vehicle, Ms. Miller was a passenger in the vehicle. They drove for 12 hours straight. When they got into Colorado, Ms. Hayes fell asleep at the wheel and went off the road, causing the death of Ms. Miller. As a result of that crash, representatives for Ms. Miller filed a wrongful death action in Illinois. The representatives of Ms. Hayes filed a motion to dismiss for failure to state a cause of action because they stated that it's not the Illinois Wrongful Death Act that applies, it's the Colorado Wrongful Death Act that applies. And the difference between the two acts, again, is one of damages in this case. Colorado has damage caps up to $45,000 for wrongful death damages, whereas Illinois has no caps. So the court went through that same analysis with the most significant relationship test. First, they looked at the place where the injury occurred, and like Schlesing, the court said, yes, the accident occurred in Colorado, but this case could have occurred, or the accident with these injuries could have occurred in any of the states along the route. Therefore, the place where the injury occurred is fortuitous, not important. Second, they looked at where the conduct causing the injury occurred. Now, in this case, what the court said is, we don't think it occurred in Colorado, it's fuzzy. We think the act of driving the 12 hours for all those states without any stopping was the cause. It's unclear that the conduct causing the injury favored Colorado. But again, and I think the most important thing in this case is they acknowledged Schlesing. Here you've got a law dealing with recovery versus non-recovery. And again, with that issue, the court says, look, we've got to look at the domiciled parties. That's what's most important. And again, you've got the two plaintiffs, or the plaintiff and the defendant were both office auxiliaries of Illinois. They found that the relationship was centered within Illinois because they had been friends for a long period of time, and they felt that again, this accident was in the course of an act in the course of the relationship. That brings us to our case. How does this apply to our case? One, we've got a trip outside of the state of Illinois. This trip outside of the state of Illinois, the place of the injury occurs in Indiana. Again, this accident could have occurred in any of the states along the route. So the place where the injury occurred is fortuitous. The second factor is where was the conduct causing the injury? Well, they started in Louisville, Kentucky on the day of the accident, and they drove for five straight hours, and then he lost control of his vehicle. So like Miller v. Hayes, the conduct causing the injury occurred in those five hours of driving between Indiana and Kentucky, which resulted in him losing control of his vehicle. The third factor is the domicile of the parties. Now, this Indiana guest statute only applies to count one, an Illinois plaintiff and an Illinois defendant, and Illinois has a more significant relationship with those two parties than does Indiana in the Indiana guest statute. In addition to that, these parties have been residents of Illinois since their marriage in which is an act in furtherance of the family relationship. So our case is similar to both Schultz and Miller. For those reasons, we believe that the trial court erred. We ask that the court reverse the decision of the trial court dismissing count one of the amended complaint and to remand this case to the circuit court for further proceedings. Do you want to say anything about sections 145 and 146 of the restatement? Well, I think I spoke of those section 145 podcasts. Section 146 deals with the policy issues involved, and I think the policy issues involved are this. Does Illinois have a greater interest in determining whether their residents recover or not? Because our state is the one that bears the burden of recovery versus non-recovery, and I think that when you look at that policy, I think that overrides Indiana's concern of providing family harmony between spouses, and I'm not particularly sure of the way that statute is written. It completely provides  for that. May I please the court? Counsel. My name is Dan Ruckey, and I'm here today on behalf of the defendant, Appley William Hand. I'm going to start by just briefly addressing the restatement test that Illinois has adopted to analyze conflicts, issues under these types of circumstances. Under section 146, there is a legal presumption that the state in which the injury occurred applies in determining the rights and the liabilities of the parties. Then, as counsel discussed at length, section 145.2 sets forth the contacts test, which includes the place the injury occurred, the place where the conduct causing the injury occurred, the Now, what counsel didn't get into as much, but I'm going to talk about a bit at length as we get into my statement a little bit more, is those section 6.2 factors. Now, with the section 6.2 factors, basically what our courts have said, and what the restatement says, is that the significant contacts in section 145 have to be tested against the policies in section 6. Section 6.2, those factors include the relevant policies of the forum state, the relevant policies of the other interested state, in this case Indiana, and then the basic policies underlying a particular field of law. I'm going to start now by saying that there is a presumption that the laws of the state of Indiana apply in this case because Indiana was the location at which the accident took place, and that's not something that the parties dispute here. Therefore, the issues that we need to consider is an evaluation of the factors in 145 and section 6, and I'm going to focus on the factors that are really at issue between the parties. So, beginning first with the place that the conduct causing the injury occurred. The appellant in this case contends that the conduct causing the injury did not occur in Indiana, but rather the conduct causing the injury accrued over this five-hour period of driving through multiple states while the family was returning home from this vacation. The appellant relies on the Miller decision, and in Miller, the defendant had fallen asleep at the wheel causing a crash after he had been driving across the United States from Minnesota to Colorado. The idea behind Miller was that the fact that the defendant had been continuously driving across Minnesota from Colorado, becoming more and more tired over time, that is what ultimately caused him to go to sleep, or to fall asleep, and based on that, you can see that the negligent conduct was something that was accruing over a long period of time that ultimately resulted in the defendant in that case falling asleep. Appellant claims in this case that because the appellate had been driving for five hours throughout multiple states that the extended time period caused him to become inattentive and tired. However, there's not any support for these allegations in the record. Now, the appellant did correctly note in her reply that this case, we are analyzing it based on the pleadings because that's what the record is primarily made up of in this case. A careful review of the allegations of negligence in Count 1 of plaintiff's amended complaint shows that these allegations relate to conduct that was occurring immediately prior to or at the time of the accident. There's no allegations in plaintiff's amended complaint that the appellee was tired, inattentive, or had otherwise been driving longer than he should have. And I would direct your attention to, it appears on page 14 of my brief, but I actually recite the allegations of negligence that I'm referring to. And those allegations are, if you read them, you see that it's all about conduct that was immediately preceding the accident. Failure to observe the roads, failure to keep a lookout, operating the vehicle at an excessive speed, operating and maintaining the vehicle without applying the brakes adequately. I won't recite all of them, but if you take a look at them, I think you'll understand what I mean. And so in this case, I think it's clear that we're not talking about the same kind of thing as in Miller. In Miller, he drove across the country, he got tired along that entire drive, and then he fell asleep. In our case, the negligent conduct occurred in Indiana. It occurred in the moments immediately prior to and at the moment of this accident. And so therefore, I don't think that there's really much of a question of where this conduct took place. So that means that in terms of the first two factors of Section 145, both of them favor application of Indiana law because of the site of the accident, and it was also the state in which the conduct leading to the injuries took place. Now I'm going to move into the residents of the parties, and this is where I think one of the main disputes on this appeal comes in. Applin contends that because she and her husband are Illinois residents, this factor favors the application of Illinois law. We have taken the position, as you would see in our brief, that because the two grandchildren who were also involved in this accident reside in Indiana, and the fact that the Applin and the Applee reside in Illinois four miles from the border of Indiana, that this factor actually supports the application of Indiana law, or should the court be unmoved about the proximity with which the Applin and her husband live, then this factor should be a watch. I don't understand why four miles makes a difference. I don't know if you're a citizen no matter what. Any purpose? Well, I think that that makes more of a difference in terms of the fourth factor, which is where the relationship of the parties is based, but even in terms of the domicile of the rest of the parties, okay, the Applin and her husband do live in the state of Illinois, but the other two individuals that were involved in this accident, which were plaintiffs of record in this case, were their grandchildren, and those grandchildren are residents of the state of Indiana. So what you have is two parties that reside in Illinois and two parties that reside in Indiana. Those parties are gone from the case? When the case began and even when the briefing of this appeal began. Now, those claims were ultimately resolved and dismissed, but they've been a part of this, and we've maintained the position from the start that when you're performing this factor analysis test, as stated in the Denson case, which is cited in our brief, that you have to look at the entire litigation. You have to consider where all of the parties are from. And specifically in the Denson case, there was more entities involved in that case, but there was at least three entities in that case that weren't a part of the appeal and didn't have anything to do with it. But in conducting the analysis, the court considered the locations in which each and every party was located, even those parties that weren't participating or had anything to do with the appeal. And the idea behind that being is when you're conducting this context test, you have to take into account the entire litigation. So our position is that the grandchildren should absolutely be considered in this analysis. They were both main disappointed in this lawsuit, and presumptively, the very reason that they were driving in Indiana at the time was due to the grandchildren's residence in Indiana. This was the end of the vacation. They were dropping the grandchildren off at the end of the vacation. And so whether the grandchildren's claims were at issue in this appeal, our position is that it's not significant, and that would be consistent with the Denson case that considered the residents or domicile of all of those defendants, even the ones that weren't a part of that appeal. Now, does it matter at this juncture that their cases have been settled? I would argue that from a policy standpoint, the court should not adopt that view. And the reason that I say that is, I think it's in all litigants' of the opinion that it is in the best interest of the court system and in the interest of the judicial economy to always resolve claims where there is a realistic possibility of an amical resolution of that claim. Now, if the court were to adopt a position where parties settling out while an appeal is pending could have an effect on the ultimate issues in that appeal, all that's going to do is discourage parties from resolving claims because they know that it's ultimately going to adversely affect the analysis on the appeal. So I don't think, I would take the position that we want to encourage everyone to resolve claims when claims can be resolved. And if that were to be the position that was put up again, then when the parties are litigating issues on appeal, they're not going to want to resolve any of those claims even though they otherwise could have. So I don't think that that should be taken into consideration for public policy reasons. The only reason I'm asking that question is you see some cases that it's not taken into consideration, that sometimes you see cases where, you know, on other kinds of issues, you see sometimes where it's taken into consideration, sometimes it's not taken into consideration. You know what I'm talking about. Sure. Sure. I mean, you see that sometimes going both ways and sometimes not even mentioned. Right. Yeah. You see that happening. Yes. And I would say, I would say for our purposes, and I agree with you, I have seen that, you know, and it's a question about, okay, how significant should this be for purposes of the issues that are on appeal. I would think from a policy standpoint that that shouldn't be taken into consideration because I think it's going to discourage parties from resolving claims. And I think it would be always in the interest of the interests of the parties. And you see that language that, you know, as a policy reason, that would have an adverse, major adverse impact on, you know, the rationale where the court should encourage people to settle. And that would be a major hurdle then for people to even trying to settle parts of cases. Right. I would agree with you on that. So it's our position that the residency of all parties, including both grandchildren, should be considered in this case. Not only were the grandchildren named as plaintiffs, but the accident took place in the resident state of those grandchildren. And it's reasonable to deduce from the allegations of the pleadings that as the grandchildren reside in Indiana and the parties were driving through Indiana at the time of the accident, which was the end of the vacation, they were in Indiana because they needed to drop the grandchildren off. The vacation was coming to an end. Therefore, as we've already discussed, I don't think it, I don't agree with the appellant's position that the grandchildren are not part of the appeal and they should not be considered. I think the entire litigation should be analyzed in assessing these factors. And the entire litigation includes the grandchildren. And the fact that the accident actually took place in the grandchildren's state, in which the parties may well have not even been in, had the grandchildren not lived there, absolutely makes that a relevant factor here and makes, means that the grandchildren should be included in this analysis. Now, I'm going to move into the relationship of the parties because it's somewhat of an overlapping view here. Again, the appellant in this case contends that because she and her husband were married and reside in Illinois, that Illinois is where the party's relationship is centered. Again, we maintain that the grandchildren are an important part of this analysis because it does not simply include the appellant and the appellee, but also the grandchildren. What's more is at the time of the accident, the appellant and the appellee were not coming back from a vacation that they went on alone together. At the time of the accident, the appellant, the appellee, and both of their grandchildren were all coming back from vacation. There's very little information regarding the state in which the relationship between the appellant and the appellee and their grandchildren is really focused on. I think the fact that the grandchildren live in Indiana and that the appellant and the appellee live in Illinois, but within close proximity, I think that you could draw a reasonable deduction that that relationship could be based on either state. It would not be difficult for the grandparents to go see the grandchildren, and it wouldn't be very difficult for the grandchildren to come see their grandparents. Our position is that this factor should be given very little weight because there really isn't very much in the record to support where this relationship of the overall grandparent-grandparent relationship, grandparent-grandchildren relationship is focused. I'm going to go up to the public policy because that was one of the main things that I wanted to address. Comment D to the Restatement 146 provides a strong guidance on the interests of the states that are involved in the conflicts of law analysis. Since those interests are what is really at issue when you're doing a Section 6.2 analysis, I think it's important to note this. And it says that when conduct and injury occur in the same state, the law of the state in which the accident occurred will usually be applied because that state is usually what is going to have a dominant interest in the litigation since the principal elements of the tort occurred within its own territory. Specifically, the state in which a conduct occurs has a dominant interest in regulating the conduct in its state and whether and to what extent that conduct is tortious in character. The state in which the injury occurs will have a dominant interest because it determines what legal interests are entitled to legal protection in their state. In our case, both principal elements of this tort took place in Indiana. The Appalachee's allegedly negligent conduct took place there. And Indiana has a dominant interest in regulating negligent conduct on its roadways and determining whether and to what extent negligent conduct on its roadways should trigger liability and specifically liability between spouses. The Appalachee's alleged injuries took place in Indiana. Indiana certainly has a dominant interest in determining whether and to what extent injuries on its roadways should trigger liability. Appalachee contends that Illinois will feel the social and economic impact. But what little information that is in the record will show that the state of Indiana certainly will be bearing some economic impact as a result of this accident. The emergency responders to the scene were an Indiana entity called Amity Fire Rescue. At least one of the parties was treated at Johnson Memorial Hospital in Indiana. And there's also proof that another Indiana medical treatment in the record called Greenway Trail Emergency Physicians were involved in the treatment. It is reasonable to conclude that there were charges for these medical services and those amounts do all due to entities situated in Indiana. And so in a very real way, Indiana will be feeling the economic impacts of this accident. And it should be Indiana law that determines whether the economic impact of that accident is recoverable in tort. And so in conclusion, I would ask that the court affirm the decision of the trial court which dismissed count one of both the complaint and the amended complaint with prejudice. Thank you. Court will take this matter under advisement. Sorry. No problem. No problem. Very briefly, I think it's important to go through these factors one more time just so the court gets an idea. The most important factor, we're dealing with recovery and non-recovery in this particular instance. That's the issue in the case. Okay? And you've got an Indiana statute that is affecting recovery and non-recovery between two Illinois residents. Correct? If the grandchildren are in the case, does that law affect the grandchildren? Absolutely not. It doesn't affect their case. One iota. On the other hand, if they're out of the case, does it affect the grandchildren? Absolutely not. This law only affects the Illinois residents. That's why the Indiana resident should not be considered for purposes of this particular issue in this particular law. If you look at the Denton case that the defendant cited, the Denton case involves issues with joint civil liability and contribution among joint tort cases. Right? And what happened in this case, in that case? There's several people from several different states that are involved in the accident. And the reason why all those people are important is because they're affected by which law is applied in that case. And in that case, there's no way. In the Denton case, there's no way you could say Illinois has a more significant impact. The people causing this accident are from a multitude of different states. But in our case, you've got this Indiana law that we're trying to apply to Illinois residents to bar a negligence action. If that accident occurred in Illinois, they would be able to bring that action. And the fact that counsel said, well, the accident occurred in Indiana, therefore, Indiana law would apply. If you look at these cases where there's trips into and out of the state, all of those cases say that the place where the conduct causing injury occurs, not the conduct causing, but the place where the injury occurs is fortuitous. And the restatement says where the injury is fortuitous, that's not an important factor. And I would submit to you, too, when we get into this argument about the conduct causing the injury, where did the conduct causing the injury occur? If you look at Schulze and you look at Miller, that wasn't important because the issue was recovery versus non-recovery. So what's the primary important factor? The primary important factor in that case is the domicile of the parties. And the domicile of parties affected in this particular case is Illinois. And to say that whether the Indiana residents are in the case or out of the case, it doesn't matter. You're barring recovery at all because you're saying that there's no negligence action. And for purposes of this particular law and this particular issue, the kids are absolutely, absolutely irrelevant. The other thing, counsel said, well, the kids are in Indiana, the accident is not presumable because these kids are in Indiana. They cited a case, Murphy versus Medcary, Chrysler, Plymouth. In that case, there was a rollover accident while the individual was on his way to Michigan to his vacation home. And in that case, they found that the place where the injury occurred was fortuitous and not important. So it's got to be issue oriented. It's not does Indiana law apply or does Illinois apply? No. What's the issue here? And for that reason, it is extremely, I think, clear based on the case law that Illinois law should apply with regard to negligence. And her claim should be able to proceed with regard to negligence. If it is not allowed to proceed. If it is not allowed to proceed. Illinois is a mandatory insurance state, correct? So if you're saying that there's no legal responsibility in this case, now what happens when she tries to make her insurance claim? The insurance company is going to say, look, there's no legal responsibility, so we shouldn't have to pay. So now who's going to bear the burden of this? Illinois is going to bear the burden of this. It's a policy issue. So I submit to you, I thank you for your consideration of this matter and respect whatever decision is made. Thank you for your time. Well, at this time, we're going to take a break for a panel change. And we'll take this case under advisement and render a decision. As I indicated before, Justice McDade will have a chance to review the arguments of this case and will participate in the deliberations. And now we'll take a break for a panel change.